UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAURIE J. FINE,

        Plaintiff,

   -against-            5:12-CV-0836 (LEK/DEP)

ESPN, INC., a subsidiary of Walt Disney,
Inc.; MARK SCHWARZ, in his individual
capacity and as an employee of ESPN; and
ARTHUR BERKO, in his individual
capacity and as an employee of ESPN,

        Defendants.

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

  This is an action for libel.  Now before the Court is Defendants ESPN, Mark Schwarz, and Arthur Berko's (collectively, "Defendants") Motion to dismiss in part the Complaint of Plaintiff Laurie J. Fine ("Plaintiff").  Dkt. Nos. 1 ("Complaint"), 7 ("Motion").  Defendants contend that certain of the statements Plaintiff alleges in her Complaint to be libelous are privileged under New York Civil Rights Law § 74 and therefore cannot form the basis of a libel claim.  See Mot.; FED. R. CIV. P. 12(b)(6).  For the reasons that follow, the Court holds that Defendants are correct and dismisses from this action those of Plaintiff's claims that are based on privileged statements.

### II. BACKGROUND

  Plaintiff and her husband, Bernie Fine ("Mr. Fine"; collectively, "the Fines"), have lived in the Syracuse, New York, area for over twenty-five years, during which time Mr. Fine was a coach for the Syracuse University men's basketball team.  Compl. ¶ 19.  At one point, the Fines opened their home to Robert Davis ("Mr. Davis"), a ball boy for the basketball team.  Id. ¶¶ 28-29.  The Fines believed

Mr. Davis needed stability and more positive influences in his life, and acted as quasi-foster parents to him.  Id. ¶¶ 31-32, 34-38.  Years later, Mr. Davis told Plaintiff that while he was living with the Fines, Mr. Fine sexually abused him, an allegation Mr. Fine denied.  Id. ¶ 49, 51.

In 2002, Mr. Davis told *The Post-Standard*, a Syracuse-based newspaper, the same story of abuse and gave the names of several people he said could corroborate it, including his older stepbrother, Mike Lang ("Mr. Lang"), who had been a ball boy for the basketball team before Mr. Davis.  Id. ¶¶ 63-64, 66-68.  He also provided a tape of a conversation he and Plaintiff had in 2002 about his allegations of sexual misconduct in the Fine household.  Id. ¶ 88.  *The Post-Standard* investigated for a year but could not corroborate the story.  Id. ¶¶ 65, 69-70, 76.  Mr. Davis then contacted Defendant ESPN, a sports media company, and was directed to Defendants Schwarz and Berko, two of ESPN's employees.  Id. ¶¶ 8, 10, 12, 77.  Mr. Davis repeated his story and gave them the names of people he said could corroborate it and a copy of his taped conversation with Plaintiff.  Id. ¶¶ 78-79, 81, 84-86, 89.  Defendants researched Mr. Davis's allegations but found no corroborating evidence nor anyone willing to back him up.  Id. ¶¶ 86, 90-97, 102.

In November 2011, allegations erupted that a Pennsylvania State University football coach, Jerry Sandusky, had sexually abused young boys while employed at the university.  Id. ¶¶ 105-06.  Mr. Davis quickly placed Mr. Lang in touch with Defendant Schwarz, whereupon Mr. Lang repudiated his prior statements and corroborated Mr. Davis's story about similar abuses by Mr. Fine.  Id. ¶¶ 109-10.  Defendants then began publishing coverage of Mr. Davis and Mr. Lang's allegations and soon thereafter were contacted by others who made similar claims but later recanted.  Id. ¶¶ 112, 128-29, 134-37 & n.2, 141, 146, 151 & n.3, 160, 162, 165.

On December 13, 2011, Mr. Davis and Mr. Lang filed suit in New York Supreme Court

alleging slander by James Boheim ("Mr. Boheim"), the head coach of the Syracuse University men's basketball team, and Syracuse University, for statements Mr. Boheim made to *The Post-Standard*, Defendant ESPN, and *The New York Times* about Mr. Davis and Mr. Lang's claims of abuse. Dkt. No. 18-1 ("Boheim suit"). In support of that suit, Mr. Davis filed an affidavit largely devoted to allegations that Plaintiff had sexual relationships with players on the Syracuse men's basketball team. Dkt. No. 7-8 ("Davis affidavit"). Defendant ESPN, using information from The Associated Press, published an article about the Davis affidavit on January 31, 2012. Dkt. No. 18-3 ("Affidavit article"), *available at* http://espn.go.com/espn/print?id=7522438. Defendant ESPN then republished an article by The Associated Press on February 10, 2012, about a hearing in the Boheim suit at which the judge decided that Plaintiff's alleged conduct was not relevant to Mr. Boheim's statements. Dkt. No. 18-4 ("Hearing article"), *available at* http://espn.go.com/espn/print?id=7562237; see Davis v. Boheim, 946 N.Y.S.2d 66 (Table), 2012 WL 488255 (Sup. Ct. Feb. 10, 2012).

On May 21, 2012, Plaintiff commenced this action against Defendants for statements made during ESPN's coverage of Mr. Davis's accusations.[1] Specifically, Plaintiff is suing over statements in the Affidavit article, the Hearing article, an article (not provided to the Court) mentioning Mr. Davis's taped conversation with Plaintiff, and a November 27, 2011, television segment discussing the story, including excerpts of Mr. Davis's taped conversation with Plaintiff and Defendant Schwarz's interview with Mr. Davis. Compl. ¶¶ 174-241; see Dkt. No. 18-2 (video transcript), *available at* http://cnn.ch/TRANSCRIPTS/1111/27/cnr.01.html. Plaintiff has arranged parts of these publications

---

[1] Plaintiff is a citizen of New York and alleges damages in excess of $75,000; Defendants Schwarz and Berko are citizens of Maryland; and Defendant ESPN is a citizen of Connecticut and Delaware. Compl. ¶¶ 13-17. The Court therefore has jurisdiction over this matter under 28 U.S.C. § 1332.

by topic into six "Libelous Statements": Libelous Statement 1 concerns only the television segment and the article mentioning the taped conversation; Libelous Statements 2-4 and 6 concern only the television segment; and Libelous Statement 5 concerns only the Affidavit and Hearing articles. See Compl. ¶¶ 174-241. Only Libelous Statement 5 is at issue here. See Mot. 1 & n.2.

## III.   LEGAL STANDARDS

### A. Motion To Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see FED. R. CIV. P. 12(b)(6).[2] "[A] court must accept all well-pleaded factual allegations made by the non-moving party as true and 'draw all inferences in . . . the non-moving party's favor,'" Brown v. Kopek, No. 6:11-CV-00016, 2011 WL 3737921, at *3 (N.D.N.Y. Aug. 24, 2011) (Kahn, J.) (quoting In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.)), but "[a]ny legal conclusions, deductions, or opinions couched as factual allegations are not accorded a presumption of truthfulness." Id.

---

[2] Where, as here, a "plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

4

**2. New York Defamation Law**

The elements of a defamation[3] claim in New York are "a false statement, published [by the defendant] without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and, it must either cause special harm [to] or constitute defamation per se [of the plaintiff]."[4] Feldman v. Edwab, 1:10-CV-0261, 2011 WL 1298717, at *5 (N.D.N.Y. Mar. 31, 2011) (Kahn, J.) (quoting Dillon v. City of New York, 704 N.Y.S.2d 1, 5 (App. Div. 1999)) (internal quotation marks omitted); accord O'Neill v. New York University, 944 N.Y.S.2d 503, 513 (App. Div. 2012).[5] Under New York Civil Rights Law § 74, "fair and true" reports of official proceedings, including judicial proceedings specifically, receive absolute privilege in libel actions.[6]

---

[3] Libel is the written form of defamation. See Albert v. Loksen, 239 F.3d 256, 265 (2d Cir. 2001) (Sack, J.).

[4] Because this is a diversity-jurisdiction case, see supra n.1, the forum state's choice-of-law rules apply. See Feldman v. Edwab, 1:10-CV-0261, 2011 WL 1298717, at *5 n.2 (N.D.N.Y. Mar. 31, 2011) (Kahn, J.). New York's choice-of-law rules usually favor the state where a plaintiff is domiciled – here, New York. See id.; see also DiBella v. Hopkins, 403 F.2d 102, 110 (2d Cir. 2005) ("The libel claims in this diversity case arise under New York law and, thus, we must apply that law to all the substantive matters before us." (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938))). "Moreover, where, as here, 'no party has challenged the choice of New York libel law, all are deemed to have consented to its application.'" Feldman, 2011 WL 1298717, at *5 n.2 (quoting Celle v. Filipino Reporter Enters. Inc., 209 F.3d 163, 175 (2d Cir. 2000)).

[5] An alternate formulation of the elements of libel in New York is: "(1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) defendant's fault, varying in degree depending on whether plaintiff is a private or public party; (4) falsity of the defamatory statement; and (5) injury to plaintiff." DiBella, 403 F.3d at 110 (citation omitted).

[6] The full text reads:
   Privileges in action for libel.  A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published.
   This section does not apply to a libel contained in any other matter added by any person concerned in the publication; or in the report of anything said or done at the time and place of such a proceeding which was not a part thereof.

5

Beary v. West Publ'g Co., 763 F.2d 66, 68 (2d Cir. 1985).

Section 74's purpose is "the protection of reports of . . . proceedings which are made in the public interest." Williams v. Williams, 246 N.E.2d 333, 337 (N.Y. 1969); see also Beary, 763 F.2d at 68; Long v. Marubeni Am. Corp., 406 F. Supp. 2d 285, 293-94 (S.D.N.Y. 2005) (Lynch, J.) (examining evolution of § 74). Accordingly, courts construe liberally both the "fair and true" standard, Cholowsky v. Civiletti, 887 N.Y.S.2d 592, 595-96 (App. Div. 2009) (citing Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co., 399 N.E.2d 1185 (N.Y. 1979)); see Biro v. Conde Nast, No. 11 Civ. 4442, 2012 WL 3264059, at *29 (S.D.N.Y. Aug. 9, 2012) ("A statement is deemed a 'fair and true report' if it is 'substantially accurate.'" (citation omitted)),[7] and the "official proceeding" requirement, see Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc., 603 F. Supp. 2d 584, 588 (S.D.N.Y. 2009) (collecting cases); Gonzalez v. Gray, 69 F. Supp. 2d 561, 569 (S.D.N.Y. 1999) (same).

When, as here, all relevant documents are before a court, it may determine as a matter of law whether allegedly defamatory publications are "fair and true" reports of official proceedings. See, e.g., Test Masters, 603 F. Supp. 2d at 589; Easton v. Pub. Citizens, Inc., No. 91 CIV. 1639, 1991 WL 280688, at *2 (S.D.N.Y. Dec. 26, 1991) (collecting cases). Questions of fact may remain, however, if

---

N.Y. CIV. RIGHTS L. § 74 (2012). There are narrow exceptions, not relevant here, if the defendant maliciously instituted the reported-on proceeding solely to defame the plaintiff, Fuji Photo Film U.S.A., Inc. v. McNulty, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009) (citing Williams v. Williams, 246 N.E.2d 333 (N.Y. 1969)), or if the proceedings were not public to begin with. See, e.g., Shiles v. News Syndicate Co., 261 N.E.2d 251 (N.Y. 1970) (matrimonial actions).

[7] Alternatively, "[t]he test is whether the published account of the proceeding would have a different effect on the reader's mind than the actual truth, if published." Zu Guo Yang v. Shanghai Cafe Inc., No. 10 Civ. 8372, 2012 WL 398641, at *8 (S.D.N.Y. Feb. 8, 2012) (quoting Daniel Goldreyer, Ltd. v. Van de Wetering, 630 N.Y.S.2d 18, 22 (App. Div. 1995)) (internal quotation marks omitted).

the reports are ambiguous or imply graver misconduct than was alleged in the underlying proceeding. Fuji Photo Film U.S.A., Inc. v. McNulty, 669 F. Supp. 2d 405, 411 & n.29 (S.D.N.Y. 2009); Easton, 1991 WL 280688, at *2.

## IV.   DISCUSSION

Plaintiff does not contest that the Affidavit and Hearing articles are fair and true reports; on the contrary, Plaintiff simply quotes the articles and explains the allegedly libelous nature of statements contained therein, suggesting that the source of Plaintiff's claim as to these two articles may be that they are, if anything, *too* accurate in reporting what was said. See Dkt. No. 19 ("Opposition"), at 9-11. On review, the Court finds that the Affidavit and Hearing articles are fair and true reports and that no ambiguity or implication of graver misconduct exists to present a question of fact.

Plaintiff likewise does not contest that the Boheim suit, which was filed in New York Supreme Court and on which the Affidavit and Hearing articles report, was a judicial proceeding. See Opp. The Affidavit and Hearing articles that are the basis of Plaintiff's "Libelous Statement 5" are fair and true reports of judicial proceedings and therefore immunized from suit for libel under New York Civil Rights Law § 74.

Plaintiff's sole argument is that § 74 does not apply because the relevant statements in the Affidavit and Hearing articles were not "of and concerning the complaint" Mr. Davis and Mr. Lang filed to commence the Boheim suit. Opp. But it would be contrary to § 74's purpose to read its text to cover only fair and true reports of the substance of a complaint in a judicial proceeding and not reports of the contents of the answer, a motion, or a verdict.[8]  In a broad sense, all of these are "of and

---

[8] Plaintiff agrees that a judicial opinion, a criminal conviction, and a filed answer all are "self-evident[ly]" and "undisputably" "of and concerning the complaint." Opp. 21, 22 n.3. Plaintiff's attempt to distinguish those cases from the Davis affidavit is unpersuasive. Id.

concerning the complaint," as is anything that happens as a part of a judicial proceeding insofar as the complaint provides the basis for the entire affair.[9]

Indeed, no such "of and concerning the complaint" requirement exists. See, e.g., Karp v. Hill & Knowlton, Inc., 631 F. Supp. 360, 363 n.5 (S.D.N.Y. 1986) ("The protections of section 74 extend to pleadings as well as to transcripts and live proceedings."). Plaintiff cites to several cases that analyze whether allegedly libelous statements are "of and concerning" a complaint. See, e.g., D'Annunzio v. Ayken, Inc., No. 876 F. Supp. 2d 211 (E.D.N.Y. 2012); Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation, No. 06-CV-1260, 2009 WL 447792 (E.D.N.Y. Dec. 1, 2009); McRedmond v. Sutton Place Rest. & Bar, Inc., 851 N.Y.S.2d 478 (App. Div. 2008). But these all are cases where a judicial complaint happened to be the source of the allegedly libelous statements.[10] As a matter of logic, "[w]hen a report of a pleading is the subject of a request for immunity under section 74, a comparison of the pleading and the subsequent report of that pleading is the starting point for the analysis." Karp, 631 F. Supp. at 363. Plaintiff has mistaken the first step of analysis specific to those cases for a requirement that must be satisfied in all cases.

Plaintiff cannot circumvent the libel shield provided by New York Civil Rights Law § 74 by

---

[9] Plaintiff argues that because the judge in the Boheim suit found that the allegations about Plaintiff in the Davis affidavit filed therein were not relevant to Mr. Davis and Mr. Lang's slander suit against Mr. Boheim, it follows that those allegations were not "of and concerning" the complaint in the Boheim suit for the purposes of § 74. But an affidavit filed in good faith in support of a complaint is "of and concerning" that complaint, particularly in light of § 74's broadly protective purpose, even if the judge in the case holds that the affidavit is legally insufficient to support the claims asserted therein, just as a defense asserted in an answer is "of and concerning" the complaint even if unsuccessful. To be sure, "[i]f the context in which the statements are made make[s] it impossible for the ordinary viewer to determine whether defendant was reporting on a trial or simply from interviews and independent research, the absolute statutory privilege does not attach." Wenz v. Becker, 948 F. Supp. 319, 323 (S.D.N.Y. 1996) (quotation omitted). There is no ambiguity here, however.

[10] In each of these cases, the defendant asserted libel as a counterclaim against the plaintiff for statements made in the plaintiff's complaint commencing the same action.

8

characterizing the Davis affidavit, and thus the related statements in the Affidavit and Hearing articles, as being outside the scope of a judicial proceeding. The Affidavit and Hearing articles are fair and true reports of a judicial proceeding and therefore cannot form the basis of a libel claim, because they are protected by New York Civil Rights Law § 74.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to dismiss in part (Dkt. No. 7) is **GRANTED in its ENTIRETY**; and it is further

**ORDERED**, that the claim styled in Plaintiff's Complaint (Dkt. No. 1) as "Libelous Statement 5" is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:      February 11, 2013
            Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge